MOORE, J.
|,Dewey and Jeanne Moffett appeal a judgment rejecting their claims for declaratory judgment that they own a mineral servitude, for an accounting and an award of mineral royalties after February 28, 2010. For the reasons expressed, we affirm.

Factual and Procedural Background

By act of credit sale dated February 28, 2000, the Moffetts bought two tracts of land in DeSoto Parish for $38,900. The sellers were Clyde Barnes and Marla B. Flaherty (collectively, “Barnes”). The act of sale stated, “Vendor retains all oil, gas and other mineral rights in the land herein conveyed for ten (10) years.”
In 2002, Barnes executed a mineral lease affecting one of the tracts; during the term of the lease, the lessee drilled, reaching production in August 2007. In 2009, Barnes executed a separate mineral *476 lease affecting the other tract; during the term of this lease, the lessee drilled, reaching production in March 2010. These wells have been in steady production, and the lessees have continued to pay all royalties to Barnes.
The Moffetts felt that after the expiration of the 10 years stated in the credit sale, they should have begun to receive royalties. They notified the lessees of this, but the lessees responded that in their view, Barnes was “still the owner * * * of the mineral servitude.”
The Moffetts filed this suit in June 2012, seeking a declaratory judgment as to the ownership of the minerals after February 28, 2010, an accounting, and an award of all mineral royalties after February 28, 2010.
|2The matter was set for trial on October 21, 2013, but apparently the district court told counsel in pretrial conference that he had another case presenting the same issue, and research in that case was fatal to the Moffetts’ position.[1] When the parties went on the record, the Moffetts’ counsel stated he wished to call his clients to testify as to their understanding of the reservation, but Barnes’s counsel objected to the parol evidence. The court sustained the objection. The Moffetts’ counsel did not tender their testimony, submitting the case solely on the act of credit sale.

Action of the District Court

Three days later the court released a ruling on the merits. It identified the issue as whether the reservation, which it quoted in full, “creates a fixed, ten-year term, not subject to prescription, or whether it is a reaffirmation of the parties’ adoption of the regular ten-year prescriptive period, making it subject to interruption.” The court found the question was “squarely addressed” in St. Mary Operating Co. v. Champagne, 2006-984 (La.App. 3 Cir. 12/6/06), 945 So.2d 846, writ denied, 2007-0301 (La.4/5/07), 954 So.2d 140. That case held, “The phrase ‘for a period of ten years’ [is] a restatement of the default prescriptive period assumed into all mineral rights created by the State of Louisiana because the parties did not specifically state otherwise.” The instant deed created a mineral servitude in favor of the sellers, with no affirmative intention or statement that the servitude would not be subject to prescription; thus it was subject to prescription, and the drilling activities interrupted prescription. The court therefore rejected |3the Moffetts’ claims.
The Moffetts took this devolutive appeal, raising two assignments of error.

Discussion

By their first assignment of error, the Moffetts urge that the mineral reservation created a term, not a mere restatement of the law of prescription of nonuse. They contend that when a mineral reservation reads, “Vendor retains all oil, gas and other mineral rights in the land herein conveyed for ten (10) years,” mineral ownership reverts to the landowner after those 10 years. They concede that unless stated otherwise, a mineral reservation is a permanent, perpetual right, subject to prescription of 10 years’ nonuse, but argue that the parties may shorten that period under La. R.S. 31:74. They also concede that St. Mary Operating Co. v. Champagne, supra, appears fatal to their position, but argue that it should be distinguished in that the reservation in Champagne was “for a period of ten years,” while the instant reservation does not use the word “period.” This omission, *477 they submit, takes the case outside the normal prescription rules for mineral ser-vitudes. They also argue that Champagne was simply in error in following the comments to R.S. 31:74 that apply only to reservations of under 10 years. Finally, they urge that the district court’s interpretation flouts the generally prevailing meaning of “for ten years,” expanding the sellers’ servitude indefinitely.
Barnes responds that the court’s ruling was factually and legally correct. He agrees with the Moffetts’ assertion, “Unless stated otherwise, a | ¿mineral reservation is a permanent, perpetual right, subject to a prescriptive period of ten years of nonuse.” He contends that the court correctly analyzed Champagne; the omission of “period” from the instant reservation did not alter its plain meaning; and there is no basis to say Champagne was wrong. He concludes the judgment should be affirmed.
The basic mineral rights that may be created by a landowner are the mineral servitude, the mineral royalty and the mineral lease. La. R.S. 31:16; Wagoner v. Chevron USA Inc., 45,507 (La.App. 2 Cir.8/18/10), 55 So.3d 12, writ denied, 2010-2773 (La.3/2/12), 83 So.3d 1032. When a landowner reserves a part of the mineral interest in the land he sells, he creates a mineral servitude. La. R.S. 31:24; Hodges v. Long-Bell Petroleum Co., 240 La. 198, 121 So.2d 831 (1959); Ford v. Lester, 48,-932 (La.App. 2 Cir. 5/14/14), 139 So.3d 22; St. Mary Operating Co. v. Champagne, supra. A mineral servitude is extinguished by, among other things, prescription resulting from nonuse for 10 years. La. R.S. 31:27(1). Prescription of nonuse is interrupted by good faith operations for the discovery and production of minerals. La. R.S. 31:29; Ford v. Lester, supra; Magee v. Worley, 47,565 (La.App. 2 Cir. 11/21/12), 105 So.3d 907, writ denied, 2013-0345 (La.4/1/13), 110 So.3d 586. The parties to an act creating a mineral servitude may alter the applicable legal rules, subject to certain limitations provided in the Mineral Code. La. R.S. 31:72. One such alteration is as follows:
§ 74. Right to fix term or shorten prescriptive period; effect of stipulation for prescriptive period greater than ten years.
|RThe parties may either fix the term of a mineral servitude or shorten the applicable period of prescription of non-use or both. If a period of prescription greater than ten years is stipulated, the period is reduced to ten years.
The comments to this section provide that the parties are “free to specify that the stated number of years is the term of the interest and not a prescriptive period.” Id., comment; Leiter Minerals Inc. v. California Co., 241 La. 915, 132 So.2d 845 (1961); St. Mary Operating Co. v. Guidry, 2006-1495 (La.App. 3 Cir. 4/4/07), 954 So.2d 397, writ denied, 2007-0962 (La.6/29/07), 959 So.2d 520.
On close review, we find the district court correctly analyzed the mineral reservation and the law applicable to mineral servitudes and prescription of nonuse. The act of credit sale provided that the vendor would retain all mineral rights in the land “for ten (10) years[,]” thus creating a mineral servitude in favor of the seller, Barnes. La. R.S. 31:24; Hodges v. Long-Bell Petroleum, supra; Ford v. Lester, supra. As such, the servitude is subject to prescription of nonuse for 10 years, and the prescription is subject to interruption by good faith operations on the servitude. La. R.S. 31:29; Ford v. Lester, supra; Magee v. Worley, supra. During the life of the servitude, Barnes, the owner, granted mineral leases; the parties agree that these leases resulted in operations for the discovery and production of minerals.
*478 These actions were plainly sufficient to interrupt prescription and maintain the servitude in favor of Barnes.
We are unable to agree that the phrasing of the reservation, “Vendor retains all oil, gas and other mineral rights in the land herein conveyed for ten (10) years [,]” somehow converted it to a “term of the interest” instead of |fia servitude subject to the normal rules of prescription. On its face, the reservation merely confirms the normal 10-year limit for a servitude, and does not reject or renounce the normal operation of nonuse and interruption provided by the law. The fact that it applies “for ten (10) years” instead of “for a period of ten years,” as in Champagne,[2], is insufficient to remove this case from the general provisions of Louisiana law. The reservation did not use words like “regardless of any operations for the discovery and production of minerals,” “the parties hereto establish a term of interest, not a mineral servitude and not subject to the rules of prescription,” or “the vendor expressly renounces his rights to maintain the servitude for any reason after the expiration of 10 years.”
We perceive no error in the district court’s analysis of the reservation. This assignment of error lacks merit.
By their second assignment of error, the Moffetts urge the court should have allowed testimony as to the intent of the parties. They contend that if the reservation was unclear, the court should have admitted extrinsic evidence to interpret it. La. C.C. arts.2046, 2047; St. Mary Operating Co. v. Guidry, supra. They urge that the judgment should be reversed for the admission of their testimony.
Barnes responds that once the court found the reservation clear and unambiguous, there was no need to resort to further interpretation in search of its meaning. La. C.C. art. 2046. He submits the court did not abuse its discretion in excluding the testimony.
17A1 though the Moffetts have valiantly urged that the reservation created something other than a mineral servitude subject to the statutory rules of nonuse and interruption, the district court found the reservation was clear and unambiguous. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art.2046; Ford v. Lester, supra; Pilkinton v. Ashley Energy LLC, 46,650 (La.App. 2 Cir. 11/2/11), 77 So.3d 465, writ denied, 2011-2657 (La.2/10/12), 80 So.3d 484. Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. La. C.C. art. 1848; Peironnet v. Matador Res. Co., 2012-2292 (La.6/28/13), 144 So.3d 791; Tealwood Props. LLC v. Succession of Graves, 45,975 (La.App. 2 Cir. 4/27/11), 64 So.3d 397. In light of the plain reading of the document and the law applicable to parol evidence, we find no abuse of the court’s discretion in excluding the Mof-fetts’ testimony as to their understanding of the reservation. It is no “absurd consequence” that the owner of a mineral servitude may maintain it as long as he conducts operations for the discovery and production of minerals. La. R.S. 31:29. This assignment of error lacks merit.

Conclusion

For the reasons expressed, the judgment is affirmed. All costs are to be paid *479 by the appellants, Dewey and Jeanne Mof-fett.
AFFIRMED.

. Presumably, that case was Taylor v. Morns, which resulted in a judgment which this court affirms today, 49,425 (La.App. 2 Cir. 10/1/14), 150 So.3d 952, 2014 WL 4854188.

. The deeds in Taylor v. Morris, supra, also reserved mineral rights “for a period of ten (10) years from the date of this Cash Sale Deed.”